IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CENTRAL FLORIDA
(Tampa Division)

CYNTHIA ANN PURSCHE )
Plaintiff, )
)
vs. ) CASE NO.:
)
GREENWICH INSURANCE )
COMPANY, )
a foreign profit corporation, )
Defendant. )
_____)

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff, CYNTHIA PURSCHE, by and through undersigned counsel, and sues Defendants GREENWICH INSURANCE COMPANY, a foreign profit corporation, ("GREENWICH") and alleges the following:

**PARTIES**

1. At all times material hereto, GREENWICH was, and still is, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Connecticut.

2. At all times material hereto, Plaintiff, CYNTHIA PURSCHE, was and is a resident of Pinellas County, State of Florida.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs.

4. Venue is proper in the United States District Court of the Middle District of Florida, Tampa Division, as a substantial part off the events giving rise to the action asserted below occurred within this District.

## COUNT I
### (Action for Declaratory Relief)

Plaintiff adopts and reincorporates the allegations of paragraphs 1 through 4 and further alleges:

5. This action arises out of a motor vehicle collision that occurred on or about October 3, 2018, in or around Pinellas County, which caused or contributed to personal injury damages.

6. At all times material hereto, on or about October 3, 2018, Plaintiff PURSCHE was a seatbelt-restrained passenger in a vehicle operated by Charles Edward Kidd, and operated by him pursuant to a ride-share agreement with Lyft, Inc., when he was involved in a motor vehicle crash with tortfeasor, Wilma Wolfe ("Wolfe").

7. As a direct and proximate result of Wolfe's negligence, Plaintiff PURSCHE suffered bodily injury and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition.

8. Plaintiff PURSCHE'S losses are permanent and/or continuing in nature and Plaintiff PURSCHE will suffer these losses into the future.

9. At all times material hereto Lyft Inc., was covered by a policy of insurance with GREENWICH, which provided coverage to Plaintiff PURSCHE under the UM/UIM provisions of the policy. (Copy of the policy Declaration Page is attached as Exhibit A).

10. On or before October 3, 2018, Defendant GREENWICH issued and/or delivered to Lyft, Inc., an insurance policy numbered RAD5000550, which afforded general liability coverage for bodily injury damages in connection with operation of a vehicle operated on behalf of a ride-share agreement with Lyft, Inc., in the amount of $1,000,000.00.

11. At all times material hereto, the UM/UIM policy number RAD5000550, issued by Defendant GREENWICH, provided as per Florida Statute 627.727(1), $1,000,000.00 per person in UM/UIM motorist coverage,

12. At all times material hereto Defendant GREENWICH, had a fiduciary responsibility to Plaintiff PURSCHE, to treat all claims made by Plaintiff PURSCHE, with good faith and fair dealing, including any claim by Plaintiff PURSCHE under UM/UIM motorist insurance, pursuant to policy number RAD5000550, including potential claims about which Defendant GREENWICH knew, knows or should have known.

13. Plaintiff PURSCHE, by letter dated October 19, 2018, notified Defendant GREENWICH of Plaintiff's UM/UIM motorist claim, that is the subject matter of this lawsuit, before commencing this civil action against Defendant GREENWICH. (Copy of letter attached as Exhibit B).

14. By letter dated November 26, 2018, York Risk Services Group, Inc., acknowledged representation and advised they were the Third-Party Administrator for Greenwich Insurance Company, which insures Lyft, Inc. (Copy of letter attached as Exhibit C)

15. On or about April 18, 2019, York Risk Services Group, Inc., provided the first page only of what appears to be a three-page declaration document, which document failed to provide either the named insurer, or their address, (See Exhibit A).

16. Policy number RAD5000550 provided indicated Liability limits of $1,000,000.00. (See Exhibit A).

17. By electronic mail dated July 19, 2019, counsel was provided a

"Florida – Selection or Rejection of Uninsured Motorists Coverage," initialed by some unknown or unrecognizable individual (which under any interpretation was not the driver of the vehicle, Charles Edward Kidd), with a hand-written date of 11/5/18, then apparently signature stamped by an "Authorized Representative," whose identity is also unknown/unrecognizable, with a typed date of 10/01/2018. (Copy attached as Exhibit D).

18. Defendant, GREENWICH, claims the document dated 11/5/18, more than a month after Plaintiff PURSCHE'S crash, prevails, and that the limit of the Underinsured Motorist Coverage is $250,000.00.

19. This declaratory action deals with a present, ascertained or ascertainable state of facts which present a controversy as to the state of facts, specifically, whether or not the applicable Underinsured Motorist Coverage is the $1,000,000.00 indicated on the original declaration page provided, or the $250,000.00 limit indicated on the form dated 11/5/18, more than a month after Plaintiff PURSCHE'S crash, and ostensibly signed by some unknown person.

20. Plaintiff PURSCHE'S, interest in this declaration of rights is actual, present, adverse and antagonistic in fact and/or law to Defendant, GREENWICH'S interests.

21. That the antagonistic and adverse interests are all before the Court

by proper process and the relief sought is not merely the giving of legal advice by the Court or an answer to questions propounded from curiosity.

22. Based on Defendant GREENWICH'S refusal to acknowledge the full limits of liability of Underinsured Motorist Coverage, there is no other legal relief available to Plaintiff, PURSCHE other than to file a declaratory action.

23. By reason of the aforementioned allegations, an actual, justifiable controversy exists between the parties relating to their legal rights and duties under the policy of insurance involved.

WHEREFORE, Plaintiff, PURSCHE, respectfully requests this Honorable Court enter a declaratory judgment determining that:

a) The underinsured Motorist Coverage Limit in effect on the date of the crash, October 3, 2018, is in fact $1,000,000.00 under Florida law.

b) Defendant, GREENWICH, has a duty to pay interest and attorney's fees, even if Defendant, GREENWICH, resolves this matter prior to judgment; and

c) Plaintiff, PURSCHE, is entitled to such other and further relief as the Court deems necessary and appropriate, along with attorney's fees, cost and interest incurred as a result of these proceedings.

## COUNT II
## (UM/UIM Claim for Personal Injury Damages)

The Plaintiff re-alleges and incorporates by reference the allegations 1 through 23 above and further alleges:

24. On or about October 3, 2018, the tortfeasor, Wolfe, was the operator of a 2017 Toyota Highlander car bearing the license plate Z2LZF. in or around Pinellas County, when she negligently, and/or recklessly, operated and/or maintained her motor vehicle, and failed to yield to the vehicle in which Plaintiff PURSCHE was a passenger, pursuant to a ride-share agreement with Lyft, Inc.

25. At all times material hereto, Wolfe, owed to the public and to Plaintiff PURSCHE, a duty to exercise reasonable care in the operation of the motor vehicle she was driving.

26. On the aforementioned date and location, Wolfe, negligently operated the vehicle in such a manner to cause the 2017 Toyota Highlander car bearing the license plate number Z2LZF, to crash into the vehicle in which Plaintiff, PURSCHE, was traveling.

27. As a direct and proximate result of the above-referenced negligence, Plaintiff PURSCHE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing in nature, and Plaintiff PURSCHE, will continue to suffer the losses in the future. Plaintiff PURSCHE, also claims damages for pain, suffering, mental anguish, and inconvenience based on having satisfied the tort threshold of The Florida Motor Vehicle No-Fault law.

28. As a result of Wolfe's negligence in causing the crash, Wolfe, caused Plaintiff PURSCHE, to activate and/or aggravate certain pre-existing conditions.

29. Alternatively, should it be determined at the trial of this cause that Plaintiff PURSCHE, has not sustained any permanent injury as a result of Wolfe's negligence, or has not otherwise satisfied the threshold requirements of the Florida No-Fault Act, Wolfe's negligence in causing the crash caused Plaintiff PURSCHE, to nonetheless incur or experience certain economic losses as a direct and proximate result of Wolfe's negligence, which have not been reimbursed by any collateral source.

30. Plaintiff PURSCHE, incurred past and future medical expenses as a result of the October 3, 2018 crash.

31. Plaintiff PURSCHE, lost wages as a result of the October 3, 2018 crash.

32. Plaintiff PURSCHE, lost the capacity to earn wages in the future as a result of the October 3, 2018 crash.

33. At all times material to this action Defendant GREENWICH, had issued a policy of automobile insurance to Lyft, Inc., which was in full force and effect on October 3, 2018, and provided for Uninsured/Underinsured Motorist Coverage to Plaintiff PURSCHE.

34. Plaintiff PURSCHE, complied with all the conditions precedent to the bringing of this action.

35. At the time and place of the crash described above, Plaintiff, CYNTHIA PURSCHE, was an underinsured passenger as that term is defined in the Policy issued to Lyft, Inc., by GREENWICH and Florida Statutes.

36. Plaintiff submits that the November 5, 2018 UM/UIM selection rejection form was invalid as to the amount of coverage provided on October 3, 2018, as it was signed more than a month following that date.

37. Plaintiff submits that, pursuant to Florida law, UM/UIM coverage of $1,000,000.00, equal to indemnity limits was valid and in effect as of the late of the loss, and Plaintiff is an insured pursuant to policy NO. RAD5000550, such that Plaintiff can proceed with a claim for damages under policy NO. RAD5000550, regarding personal injuries resulting from

the motor vehicle crash that occurred on October 3, 2018, and forms the subject matter of this lawsuit.

WHEREFORE, Plaintiff PURSCHE demands a trial by jury as to all issues to triable as a matter of right, as well as judgment of damages, and, if applicable, costs, expert witness fees, attorney fees, filing fees, pre-judgment interest, taxable costs, and such other further relief that the Court deems appropriate, just and proper, from Defendant GREENWICH.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant via service of process.

Respectfully submitted,

*/s/ Ryan T. Hughes, Esq.*
Ryan T. Hughes, Esq.
Trial Attourney
Florida Bar No. 102670
THE LAW OFFICES OF RYAN T. HUGHES, LLC
P.O. Box 858
Palm Harbor, FL 34682-0428
Telephone: (727)266-0022
Facsimile: (813)699-3499
Email: Ryan@ryanhugheslaw.com
 Craig@ryanhugheslaw.com
 Debbie@ryanhugheslaw.com
Attorney for: Cynthia Pursche